THE PEOPLE, PLAINTIFF AND APPELLEE, *v.* AGOSTINI ALIAS PITITO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in a Prosecution for Rape.

No. 909.—Decided February 25, 1916.

RAPE—IMPRISONMENT FOR LIFE—STATEMENT OF CASE—DISCRETION OF COURT.—A district court in its discretion may sentence a person convicted of rape to

imprisonment for life, and in the absence of a statement of the case there is no basis upon which to decide whether it abused its discretional power.

CONSTITUTIONAL RIGHT—IMPRISONMENT FOR LIFE—CRUEL AND UNUSUAL PUNISHMENT.—Life imprisonment is not cruel and unusual punishment and the Eighth Amendment to the Constitution of the United States is inapplicable to it.

ID.—ID.—CRUEL AND UNUSUAL PUNISHMENT.—Cruel and unusual punishment is punishment of a barbarous nature unknown to the common law. When that expression first appeared in the declaration of rights it did not refer to fine or imprisonment, or both, but to such punishment as that of the whipping-post, the pillory, burning at the stake, breaking on the wheel and the like, or quartering the culprit, cutting off his nose, ears, or limbs, or strangling him to death. They were such severe, cruel and unusual punishments as disgraced the civilization of former ages and made one shudder with horror.

The facts are stated in the opinion.

*Mr. Abraham Peña* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal by defendant Prudencio Agostini, *alias* Pitito, from a judgment rendered by the District Court of Mayagüez after a trial by jury on May 6, 1915. The accused was convicted of rape and sentenced to imprisonment for life at hard labor.

According to the wording of the information, "In the early part of the month of January, 1915, and in the suburbs of the city of Mayagüez of the municipal district of the same name, the said Prudencio Agostini, *alias* Pitito, wilfully, maliciously and unlawfully raped Rosa María Santalia, a child of seven or eight years of age, by having carnal knowledge of her, he being an adult male."

The appellant alleges that the court erred in sentencing him to imprisonment for life at hard labor by abusing the discretional power conferred upon it by section 33 of the Penal Code and violating Article VIII of the Amendments to the Constitution of the United States which provides that excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted.

Section 258 of the Penal Code provides that rape shall be punishable by imprisonment in the penitentiary for not less than five years, and section 33, which is relied on by the appellant, prescribes that whenever any person is declared punishable for a crime by imprisonment in the penitentiary for a term not less than any specified number of years and no limit to the duration of such imprisonment is declared, the court authorized to pronounce judgment upon such conviction may, in its discretion, sentence such offender to imprisonment during his natural life, or for any number of years not less than that prescribed.

The lower court had discretional power to sentence the accused to imprisonment for life and as no statement of the case has been submitted for our consideration, we have no basis upon which to decide whether the trial judge abused the discretional power conferred upon him by law and modify the judgment in case he did. *People* v. *De Thomas,* 9 P. R. R. 510. We are ignorant of the circumstances of the case and in the absence of evidence to the contrary must presume that they were very grave to cause the judge to exercise his discretion in the manner in which he did.

We have held before that life imprisonment is not a cruel and unusual punishment and that the Eighth Amendment to the Constitution of the United States is inapplicable to it. *People* v. *Bocanegra,* 9 P. R. R. 490.

Cruel and unusual punishment is punishment of a barbarous nature unknown to the common law. When that expression first appeared in the declaration of rights it did not refer to fine or imprisonment or both, but to such punishment as that of the whipping-post, the pillory, burning at the stake, breaking on the wheel, and the like; or quartering the culprit, cutting off his nose, ears, or limbs, or strangling him to death. They were such severe, cruel, and unusual punishments as disgraced the civilization of former

ages and made one shudder with horror.  *Ex parte O'Shea,*
105 Pac. 776.

The judgment appealed from should be

*Affirmed.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Justice del Toro took no part in the decision of this
case.